## IN THE UNITED STATES DISTRICT COURT
### FOR THE
### NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ASSOCIATION OF TAXICAB OPERATORS, USA, D.E.C.D.A., INC. d/b/a STARCAB, MAREDI CORPORATION d/b/a UNITED CAB, E.P.D.A., INC. d/b/a ALAMO CAB, INC. WALAAL CORPORATION d/b/a AMBASSADOR CAB COMPANY, and PLAINTIFFS LISTED IN EXHIBIT A, <br><br> Plaintiffs, <br><br> v. <br><br> JACK BEWLEY, JEFF FINKEL, DARAYA CORPORATION d/b/a EXECUTIVE CAB COMPANY, KHORSHID, INC. d/b/a TAXI DALLAS, and ZYBA CORPORATION d/b/a GOLDEN CAB, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  CIVIL ACTION NO. 3:12-CV-04508-N |

### DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendants Jack Bewley, Jeff Finkel, Daraya Corporation d/b/a Executive Cab Company, Khorshid, Inc. d/b/a Taxi Dallas and Zyba Corporation d/b/a Golden Cab (collectively "Defendants") file their original answer and affirmative defenses to the Complaint as follows:

### ORIGINAL ANSWER

1.     Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph one, except that there are entities under the Defendants' names. Defendants also admit that plaintiffs purport to bring their complaint and to evoke this Court's jurisdiction under federal antitrust laws.

2.     Defendants deny the allegations in first and second sentences of paragraph two.

LAW OFFICES OF
**BURT BARR & ASSOCIATES, L.L.P.**
P.O. BOX 223667
DALLAS, TEXAS 75222-3667

DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES - Page 1
F:\Bb\01578.34\Pleading\original answer.1.wpd

Defendants admit the allegations in the third sentence.  Defendants admit that drivers can be independent contractors of holders as alleged in the fourth sentence.  Defendants deny that drivers have to pay stand fees to operate a taxi anywhere in the DFW Metroplex.  Defendants deny the remaining allegations in paragraph two.

3.      Defendants deny the allegations in the first sentence of paragraph three.  Certain of the plaintiffs compete with certain of the defendants in select cities in the DFW Metroplex; the remaining allegations in the second sentence of paragraph three are denied.  Defendants state that they are currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of paragraph three and, therefore, deny these allegations.  Defendants deny the allegations in the fifth sentence of paragraph three.

4.      Defendants state that they are currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and, therefore, deny these allegations.

5.      Defendants admit that "Star" was formed under the laws of the State of Texas. Defendants state that they are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 and, therefore, deny these allegations.

6.      Defendants admit that "United" was formed under the laws of the State of Texas. Defendants state that they are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph six and, therefore, deny these allegations.

7.      Defendants admit that "Alamo" was formed under the laws of the State of Texas. Defendants state that they are currently without knowledge or information sufficient to form a

LAW OFFICES OF

**BURT BARR & ASSOCIATES, L.L.P.**

P.O. BOX 223667

DALLAS, TEXAS 75222-3667

DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES - Page 2
F:\Bb\01578.34\Pleading\original answer.1.wpd

belief as to the truth of the remaining allegations contained in paragraph seven and, therefore, deny these allegations.

8.      Defendants admit that "Ambassador" was formed under the laws of the State of Texas. Defendants state that they are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph eight and, therefore, deny these allegations.

9.      Defendants state that they are currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nine and, therefore, deny these allegations.

10.      Defendants deny the allegations in the first and second sentences of paragraph 10. Defendants state that they are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 and, therefore, deny these allegations.

11.      Defendants state that they are currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and, therefore, deny these allegations.

12.      Defendants state that they are currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and, therefore, deny these allegations.

13.      Defendants admit the allegations in paragraph 13.

14.      Defendants admit the allegations in paragraph 14.

15.      Defendants admit the allegations in paragraph 15.

16.      Defendants admit the allegations in paragraph 16.

LAW OFFICES OF

BURT BARR & ASSOCIATES, L.L.P.

P.O. BOX 223667

DALLAS, TEXAS 75222-3667

DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES - Page 3
F:\Bb\01578.34\Pleading\original answer.1.wpd

17.     Defendants admit the allegations in paragraph 17.

18.     Defendants admit that plaintiffs purport to bring their Complaint, and to evoke this Court's jurisdiction, pursuant to the statutes cited. Defendants deny the remaining allegations in paragraph 18.

19.     Defendants admit that plaintiffs purport that venue lies under the statute cited. Defendants deny that any conduct on their part gives rise to a claim asserted in the complaint. Defendants admit that this Court can exercise personal jurisdiction over the Defendants.

20.     Defendants deny the allegations in the first sentence of paragraph 20.  Defendants admit that passengers from out of state that fly into and out of Dallas/Fort Worth International Airport and Dallas Love Field Airport use taxicabs, that certain taxicabs operated at these airports are manufactured in various states, and that passengers picked-up at these two airports seldom, if ever, are transported to Oklahoma and Louisiana; defendants deny the remaining allegations in the second sentence of paragraph 20.

21.     Defendants deny the allegations in the first sentence of paragraph 21.  Defendants admit the allegations in the second sentence of paragraph 21.

22.     Defendants admit that they supplied services to passengers from other states. Defendants deny they carried passengers across state lines.  Defendants admit that their services affected interstate commerce; they deny that the effect was constant, as alleged in the second sentence of paragraph 22.

23.     Defendants deny the allegations in the first and second sentences of paragraph 23. Defendants admit that the City of Dallas and the DFW Airport board have placed a moratorium on issuance of decals; Defendants deny the remaining allegations in the third sentence of paragraph 23.   Defendants deny the allegations in the fourth sentence of paragraph 23.

LAW OFFICES OF

**BURT BARR & ASSOCIATES, L.L.P.**

P.O. BOX 223667

DALLAS, TEXAS 75222-3667

DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES - Page 4
F:\BB\01578.34\Pleading\original answer.1.wpd

Defendants admit the allegations in the fifth sentence of paragraph 23 as to cities issuing decals; Defendants deny that the cities of Plano, Mesquite, and Hurst issue decals as well as the remaining allegations in paragraph 23. Defendants admit that payment of a stand fee could be a factor in determining whether a decal is issued; the remaining allegations in the sixth sentence of paragraph 23 are denied. Defendants admit that payment of a stand fee could be a factor in determining whether an operator receives a decal; the remaining allegations in the seventh sentence of paragraph 23 are denied.

24. Defendants admit that a taxicab operator needs a driver's license, taxicab, and state required liability insurance to economically operate a taxicab; Defendants deny the remaining allegations in the first sentence of paragraph 24. Defendants deny the allegations in the second sentence of paragraph 24. Defendants admit the allegations in the third sentence of paragraph 24. Defendants admit the allegations in the fourth sentence of paragraph 24 except for the "affiliation" with holders. Defendants admit that Dallas and Fort Worth at least require a 25 fleet minimum; Defendants deny the remaining allegations in the fifth sentence of paragraph 24. Defendants admit that certain cities and airport authorities require independent dispatch facilities and insurance, but not all cities condition operation on these two points. Defendants admit that the City of Dallas and DFW airport regulations say what they say. Defendants admit that those cities requiring fleet operations dictate that a driver/operator go through a decal holder to operate in that city; Defendants deny the remaining allegations in the eighth sentence of paragraph 24.

25. Defendants admit the allegations in the first sentence of paragraph 25 for Defendants; Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 25 for any other cab companies. Defendants admit that some but not all Defendants have access to the

LAW OFFICES OF
BURT BARR & ASSOCIATES, L.L.P.
P.O. BOX 223667
DALLAS, TEXAS 75222-3667

DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES - Page 5
F:\BB\01578.34\Pleading\original answer.1.wpd

computer dispatch system; Defendants deny the remaining allegations in the second sentence of paragraph 25. Defendants deny the allegations in the third sentence of paragraph 30. Defendants admit that the majority of the cabs with operating authority at DFW Airport and the City of Dallas have computer dispatch, but not almost all, if not all, as alleged in the fourth sentence of paragraph 25. The fifth sentence of paragraph 25 contains no factual allegations that require an admission or denial. Defendants deny the allegations in the sixth sentence of paragraph 25.

26.     Defendants deny the allegations in the first and second sentences of paragraph 26. The third sentence in paragraph 26 does not require an admission or denial.

27.     Defendants deny the allegations in the first sentence of paragraph 27 as to the delineated Defendants; Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 27 and, therefor, deny the remaining allegations. Defendants admit that DFW only pick-up decal carries the lowest stand fee for those Defendants offering such decals. The remaining allegations in the second sentence of paragraph 27 do not require an admission or a denial. Defendants deny the allegations in the third sentence of paragraph 27.

28.     Defendants admit that they have charged stand fees for taxicabs in the amounts listed but not for the services scheduled. Defendants deny the categorizations of stand fees for taxicabs operating under the plaintiffs' decals. Defendants admit that United does not issue Dallas decals.

29.     Defendants admit that they have similar stand fees for similar service packages; Defendants deny the remaining allegations in the first sentence of paragraph 29. Defendants admit that Bewley and Finkel had or have a direct or indirect ownership interest in the Defendants, which is a matter of public record. Defendants also admit that Bewley and Finkel are

LAW OFFICES OF

BURT BARR & ASSOCIATES, L.L.P.

P.O. BOX 223667

DALLAS, TEXAS 75222-3667

DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES - Page 6
F:\Bb\01578.34\Pleading\original answer.1.wpd

officers and directors of certain Defendants, which is also a matter of public record.  Defendants deny the remaining allegations in the second sentence of paragraph 29.  Defendants deny the allegations in the third, fifth, and sixth sentences of paragraph 29.  Defendants admit the allegations in the fourth sentence of paragraph 29.

30.     Defendants incorporate their responses in paragraphs 1-29 above.

31.     Defendants deny the allegations in paragraph 31.

32.     Defendants deny the allegations in paragraph 32.

33.     Defendants and plaintiffs are competitors in certain cities and at DFW International Airport, which issues permits to operate and regulate taxicabs.  Defendants deny the remaining allegations in the first sentence of paragraph 33.  Defendants deny the allegations in the second sentence of paragraph 33.  Defendants admit that licensed operators consume services offered by holders of operating authority of certain cities; Defendants deny the remaining allegations in the third sentence of paragraph 33.

34.     Defendants deny the allegations in paragraph 34.

35.     Defendants incorporate their responses in paragraphs 1-34 above.

36.     Defendants deny the allegations in paragraph 36.

37.     Defendants deny the allegations in paragraph 37.

38.     Defendants deny the allegations in paragraph 38.

39.     Defendants incorporate their responses in paragraphs 1-39 above.

40.     Defendants admit that Terminal Taxi Corporation, Yellow Checker Cab Company of Fort Worth, Inc. and Big Tex Taxi Corporation were merged into Irving Holdings, Inc. Defendants admit that Irving Holdings acquired State Cab, U.S. Cab and Diamond Cab in 2012. Defendants deny the remaining allegations in paragraph 40.

LAW OFFICES OF

**BURT BARR & ASSOCIATES, L.L.P.**

P.O. BOX 223667

DALLAS, TEXAS 75222-3667

DEFENDANTS'  ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES - Page 7
F:\BB\01578.34\Pleading\original answer.1.wpd

41.     Defendants deny the allegations in paragraph 41.

42.     Defendants deny the allegations in paragraph 42 and its subparts a. and b.

43.     Defendants deny the allegations in paragraph 43.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants deny the allegations in paragraph 45, as well as the plaintiffs asserted entitlement to the relief they request.

46.     Defendants deny the allegations in paragraph 46, as well as the plaintiffs asserted entitlement to the relief they request.

## AFFIRMATIVE DEFENSES

47.     Defendants assert the affirmative defense of the statute of limitations.

48.     Defendants assert the affirmative defense of laches for any equitable relief sought by the plaintiffs.

49.     Plaintiffs' damages, if any, were caused, in whole or in part, by the conduct of persons other than the defendants.

50.     Plaintiffs have failed to mitigate their damages, if any.

51.     Plaintiffs' damages, if any, were the result of their own actions or inactions.

52.     Plaintiffs' equitable claims are or may be barred, in whole or in part, by the doctrine of unclean hands.

53.     Plaintiffs' claims are or may be barred, in whole or in part, by a failure to allege or prove antitrust injury or standing.

54.     Plaintiffs' claims are or may be barred, in whole or in part, by Defendants' legitimate business reasons for its conduct, which was economically justified.

55.     Defendants assert the affirmative defense of a license issued by the appropriate

LAW OFFICES OF

**BURT BARR & ASSOCIATES, L.L.P.**

P.O. BOX 223667

DALLAS, TEXAS 75222-3667

DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES - Page 8
F:\Bb\01578.34\Pleading\original answer.1.wpd

governmental agency; of a moratorium imposed by the appropriate governmental agency; of oversight, supervision, and regulation by the appropriate governmental agency; of approval from the appropriate governmental agency; and of public disclosure to the appropriate governmental agency.

56.   Defendants assert the affirmative defense of waiver.

57.   Defendants assert the affirmative defense of mootness.

58.   Defendants' businesses are economically necessary and Defendants have viable competitors which have not joined in this action.

59.   Defendants are not distinct economic entities for purposes of the antitrust laws, and thus, cannot conspire to fix prices.

60.   Defendants demand a trial by jury.

THEREFORE, Defendants request that the Court enter a take nothing judgment in Defendants' favor, deny plaintiffs any equitable relief, and grant the Defendants their costs.

Dated: July 29, 2013.

LAW OFFICES OF
**BURT BARR & ASSOCIATES, L.L.P.**
P.O. BOX 223667
DALLAS, TEXAS 75222-3667

Respectfully submitted,

By: /s/ M. Forest Nelson
M. FOREST NELSON
State Bar No. 14904625
Leonard H. Plog II
State Bar No. 16073500
BURT BARR & ASSOCIATES, L.L.P.
203 East Colorado Blvd.
Dallas, Texas 75203
(214) 943-0012
Telefax: (214) 943-0048
fnelson@bbarr.com
lplog@bbarr.com

**COUNSEL FOR DEFINED DEFENDANTS**


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this answer was served upon the following counsel of record under ECF procedures, on the date of filing, July 29, 2013.

| *Via First Class Mail* | *Via First Class Mail* |
| --- | --- |
| Kelly D. Hollingsworth | John W. Bryant |
| 17311 Dallas Parkway, Suite 115 | 5915 Swiss Ave. |
| Dallas, Texas 75248 | Dallas, Texas 75214 |

/s/ M. Forest Nelson
M. Forest Nelson

LAW OFFICES OF
BURT BARR & ASSOCIATES, L.L.P.
P.O. BOX 223667
DALLAS, TEXAS 75222-3667

DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES - Page 10
F:\Bb\01578.34\Pleading\original answer 1.wpd